United States District Court
Southern District of Texas
**ENTERED**
February 17, 2026
Nathan Ochsner, Clerk

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| STEVE CALDERONE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:25-cv-3711 |
| | § | |
| MAC HAIK FORD, | § | |
| | § | |
| Defendant. | § | |

### MEMORANDUM AND RECOMMENDATION

On February 2, 2026, this Court canceled the initial scheduling conference and ordered Plaintiff to show cause, in writing, as to why he has failed to comply with the Court's December 29, 2025 Order to properly serve Defendant. (ECF No. 10); *see* FED. R. CIV. P. 4(m) (requiring defendant(s) to be served within 90 days after the filing of the complaint). The Court advised Plaintiff that failure to comply with the Show Cause Order would result in a recommendation that the case be dismissed. (ECF No. 10; *see also* ECF No. 3).

Plaintiff failed to comply with the Court's order. (ECF No. 10). By failing to comply with the Court order, Plaintiff has prevented this action from proceeding. The Court should therefore exercise its inherent power to prevent undue delays in the disposition of pending cases and *sua sponte* dismiss this action without prejudice. *See Coe v. United States*, No. 3:23-cv-1627, 2023 WL 9231455, at *2 (N.D. Tex. Dec. 21, 2023), *report and recommendation adopted*,

No. 3:23-cv-1627, 2024 WL 150441 (N.D. Tex. Jan. 12, 2024) ("Rule 41(b) allows a court to dismiss an action *sua sponte* for failure to prosecute or for failure to comply with the federal rules or any court order.").

Due to Plaintiff's failure to comply with a Court order, the Court recommends the case be dismissed without prejudice.

The Clerk shall send copies of this Memorandum and Recommendation to the respective parties who have fourteen days from the receipt thereof to file written objections thereto pursuant to Federal Rule of Civil Procedure 72(b) and General Order 2002-13. Failure to file written objections within the time period mentioned shall bar an aggrieved party from attacking the factual findings and legal conclusions on appeal.

**SIGNED** in Houston, Texas on February 17, 2026.

Richard W. Bennett
United States Magistrate Judge

2